Plaintiff, Paragon Energy Corporation (Paragon), petitions for a contract adjustment and monetary compensation for its unilateral bid mistake based upon clerical error. The *885 underlying facts were previously set out in full in a well-reasoned opinion by Judge Kunzig[1] in which this court, in ruling on defendant’s motion to dismiss, held that we had jurisdiction to entertain Paragon’s direct action under the Contract Disputes Act of 1978.[2] We now have the merits of plaintiffs claim before us on defendant’s motion for summary judgment and plaintiffs cross-motion for summary judgment, and we grant defendant’s motion.
The essential facts upon which plaintiffs claim is founded are as follows. On September 21, 1978, under its former name, Paragon Mechanical, Inc., Paragon submitted a single figure bid and on September 29, 1978, was awarded a contract, through formal advertising and competitive bidding, to perform heating, ventilating, and air conditioning work at Fort Leavenworth, Kansas, for the Army Corps of Engineers.
Plaintiffs bid was based upon calculations contained on its bid take-off sheet for its various items of costs, including labor, materials, etc., and profit. Its calculation of $30,474 for sheet metal was inadvertently omitted from the calculation of its total job cost. This clerical error was not discovered until after the contract was awarded. Notification and request for adjustment was contained in a letter from Paragon to the contracting officer, dated January 11, 1979.
Plaintiffs bid was for $214,800. The next lowest bid was for $249,300, and a third bid was for $345,879. Prior to the award, the Government had obtained from an architectural-engineering firm an estimate of $217,080 as the job cost. Since plaintiffs bid was less than the estimate, the Government followed a normal procedure of contacting the contractor and asking if the contractor had reviewed the bid and was satisfied with it. Plaintiff affirmed on both questions. Mr. Lunsford, who telephoned plaintiff, did not indicate that the Government suspected error, and, in fact, error was not suspected.
In its letter of January 11,1979, plaintiff noted that, even with the cost of sheet metal included, its bid was less than the next lowest bid. However, the facts are clear in this case *886 that plaintiff was not attempting to raise its price in light of this knowledge, nor did the Government know of the error prior to the award and use that knowledge to take advantage of the contractor by accepting the erroneous bid. Plaintiff, however, contends that the Government should have known of the error and was under a duty to do more than merely verify or confirm the bid; it should have notified the contractor that it suspected an error, especially in view of the wide disparity between Paragon’s bid price and the other two competitive bids.
As we said in Chernick:[3]
[P]laintiffs may recover only if defendant’s responsible officials knew or should have known of the mistake at the time the bid was accepted. The test of what an official in charge of accepting bids "should” have known-must be that of reasonableness, i.e., whether under the facts and circumstances of the case there were any factors which reasonably should have raised the presumption of error in the mind of the contracting officer; among such factors are obvious wide range of bids, and gross disparity between the price bid and the value of the article which was the subject of the bid. * * *
There is an obvious wide disparity in the bids here, but this factor alone is not determinative.[4] Although the value of the completed project is not revealed by the record, the professionally prepared estimate of its cost was very close to the successful bid. A reasonable person could well not have suspected an error and could have considered that the other two bids were unrealistic, especially in view of the fact that all of the bids were single figure bids, whereas the estimate of cost was a 7-page statement of estimated components. Thus, it cannot be said that the contracting officer or other Government personnel who reviewed the bid negligently failed to notice that one component was missing from plaintiffs bid.
Plaintiffs reliance upon Metro Novelty Manufacturing Co.[5] is misplaced. In that case the Government admitted that the error was so gross that it was placed on notice. Furthermore, the purchasing agent there telephoned the *887 contractor for verification in order to establish a defense against a possible charge of overreaching which would result in an obvious windfall to the Government and a loss to the contractor. The district court rightfully held that the purchasing agent there had an obligation to put the contractor on notice of the error. The facts of this case in no way fit into that mold. No "gross” or even obvious error exists here. The bid was very close to the independently prepared estimate. There was no effort to take advantage of the contractor. The only motive generating the Government’s verification call was policy. Had the bid been for $1 more than the estimate, that particular policy would not have applied. In these circumstances we are constrained to conclude that, as between these parties, it would have been more likely that an experienced mechanical contractor would have detected a failure to include the cost of so basic a component as sheet metal, than defendant. Furthermore, although not a factor in the test, it appears from the figures on plaintiffs take-off sheet, that the result of plaintiffs unilateral error will be a reduction of its contemplated profit, and not a loss, as was the case in Metro.
We have considered the other arguments made by plaintiff, and find them to be without merit.
it is therefore ordered, after hearing oral argument, that defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.

 Paragon Energy Corp. v. United States, 227 Ct. Cl. 176, 645 F.2d 966 (1981).

 41 U.S.C. §§601 etseq. (Supp II 1978).

 Chernick v. United States, 178 Ct. Cl. 498, 504, 372 F.2d 492, 496 (1967).

 See Aydin Corp. v. United States, 229 Ct. Cl. 309, 314-16, 669 F.2d 681, 686-87 (1982).

 United States v. Metro Novelty Mfg. Co., 125 F.Supp. 713 (S.D.N.Y. 1954).