**ALAN J. HAYNES CONSTRUCTION SYSTEMS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 381–85C.**

United States Claims Court.

July 25, 1986.

Robert A. Scheffing, Phoenix, Ariz., for plaintiff. Jennings, Kepner & Haug, of counsel.

Terrence S. Hartman, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, David M. Cohen, Director, Thomas W. Peterson, Asst. Director, for defendant.

## OPINION ON DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

PHILIP R. MILLER, Judge:

This suit arises from a contract awarded September 21, 1981, to plaintiff, Alan J. Haynes Construction Systems, Inc., by the Department of the Air Force for the painting of three jet fuel storage tanks at Davis-Monthan Air Force Base in Arizona for the fixed price of $63,965. Plaintiff seeks a declaration that it is not obligated under the warranty clause of its contract to repaint these tanks, because the problems requiring such effort are not due to defective workmanship by plaintiff, but rather are the result of defective contract specifications on the part of defendant. Defendant moves for dismissal on the ground that this court lacks jurisdiction because plaintiff seeks only declaratory relief, or alternatively, because plaintiff has not submitted any claim to the contracting officer, as required by the Contract Disputes Act (CDA), 41 U.S.C. § 605(a).

### Statement of the Case

By June 15, 1982, plaintiff had completed painting the three storage tanks as required under its contract with the Air Force. The Air Force accepted the work and made final payment to plaintiff.

By letter dated October 18, 1982, the Air Force requested that the tanks be repaired to correct areas where the undercoat was "bleeding through" the top coat. The request was made pursuant to the contract warranty provision, which states:

[T]he Contractor warrants that work performed under this contract conforms to the contract requirements and is free of any defect of equipment, material or design furnished, or workmanship performed by the Contractor * * *. Such

warranty shall continue for a period of one year from the date of final acceptance of the work * * *. Under this warranty, the Contractor shall remedy at his own expense any such failure to conform or any such defect. * * *

Plaintiff responded in writing that it would make the necessary repairs.

On March 14, 1983, the contracting officer notified plaintiff that the paint was again "bleeding through" and that plaintiff was still obligated by its warranty to make the necessary repairs. On June 3, 1983, the contracting officer notified plaintiff that its repairs were unsatisfactory, and demanded that plaintiff reperform.

On June 23, 1983, plaintiff wrote to the contracting officer that the "problems you are experiencing are design problems" due to defective government contract specifications. Plaintiff asserted that it was not responsible under the warranty clause for defective government design, and declined to repaint the tanks. The contracting officer disagreed, and by letter dated October 14, 1983, directed plaintiff to repaint the tanks. Plaintiff did not respond, and the contracting officer reissued this direction on March 20, 1984. By letter dated March 28, 1984, plaintiff reiterated that it was not liable and stated: "[W]e do not intend to repaint the tanks on this project."

On May 23, 1984, the contracting officer issued a written final decision rejecting the contractor's denial of liability and assertions of defective government specifications, and demanded that the tanks be repainted by plaintiff.

Plaintiff filed suit here on June 26, 1985.

### Contentions of the Parties

Defendant contends that plaintiff's suit must be dismissed because the Contract Disputes Act, 41 U.S.C. § 609(a), does not confer authority on the Claims Court to render judgment on a claim seeking only declaratory relief.

Alternatively, defendant contends that if such jurisdiction exists, plaintiff should not be permitted to circumvent the "changes"

clause of its contract. According to defendant, if repainting is not required under the warranty, as plaintiff asserts, then the direction by the contracting officer to repaint the tanks is a constructive change, which plaintiff may not challenge by suit. Instead, plaintiff must perform the work and seek equitable adjustment under its contract remedies. Until it submits such a claim to the contracting officer, defendant contends that plaintiff's claim is premature. Id. § 605(a). Defendant asserts that plaintiff's letters do not suffice as a claim under the CDA.

Plaintiff opposes dismissal. It argues that the jurisdiction of this court is clear and unambiguous under 28 U.S.C. § 1491(a)(2):

> * * * The Claims Court shall have jurisdiction to render judgment upon any claim by or against, or any dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978.

It further argues that it seeks review of a government claim brought against it, i.e., the final decision by the contracting officer dated May 23, 1984 that plaintiff is obligated to repaint the tanks under its warranty clause. As a government claim, there would be no requirement for plaintiff to submit a claim. 41 U.S.C. § 605(a). Alternatively, it argues that even if cast as a claim against the government, plaintiff has submitted a claim sufficient under § 605(a) and received a final decision upon which suit may be brought.

### Discussion

■ The court concludes that it lacks jurisdiction over a claim seeking only declaratory relief, and, therefore, finds it unnecessary to determine whether the basis of this suit is a claim by the government against plaintiff, or vice versa, or the sufficiency of plaintiff's claim. Plaintiff seeks no money judgment but asks only relief from the decision by the contracting officer that it is obligated to repaint the tanks under its warranty. Nor does plaintiff seek relief from a money claim against it. Defendant has neither declared plaintiff in

breach and assessed damages, nor sought reimbursement for the cost of having the tanks painted by someone other than plaintiff.

Plaintiff misconstrues 28 U.S.C. § 1491(a)(2). This provision is the codification of the Contract Disputes Act's "all disputes clause," by which Congress ended, for purposes of jurisdiction of the courts and the contract boards, the prior distinction between "claims" and "disputes" arising under or relating to the contract. *See* H.R.Rep. 1556, 95th Cong., 2d Sess. 15–18 (1978). Although read literally this language supports jurisdiction over a suit seeking declaratory relief, there is nothing in the legislative history of this clause to indicate that it was meant to confer equitable jurisdiction on the Claims Court. To the contrary, the legislative history of the Contract Disputes Act compels the conclusion that, except in narrow circumstances, Congress did not intend to expand this court's traditional jurisdiction, limited to money claims (*United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), into equitable and declaratory relief. *Accord Williams International Corp. v. United States,* 7 Cl.Ct. 726, 728–31 (1985).

The original Senate bill, S. 3178, contained provisions to confer express declaratory and equitable jurisdiction on the Court of Claims, this court's predecessor. Section 14(k) would have amended the Declaratory Judgment Act, 28 U.S.C. § 2201, to include the Court of Claims. The Committee's Report explained (S.Rep. 1118, 95th Cong., 2d Sess. 34–35 (1978) U.S.Code Cong. & Admin.News 1978, p. 5235):

> Although 28 U.S.C. 2201 authorizes "any court of the United States" to render declaratory judgments, the Supreme Court, in *United States v. King,* 395 U.S. 1 [89 S.Ct. 1501, 23 L.Ed.2d 52] (1968), held that in the absence of an express grant of jurisdiction from Congress, "we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments." The purpose of this amendment is to grant such express authority to the Court of Claims

> in all Tucker Act cases within its jurisdiction. The district courts now have such authority and it is the committees' view that it would aid in the disposition of cases before the Court of Claims to grant it the same authority in Tucker Act cases.

The Senate struck 14(k) from S. 3178 prior to passage when it adopted an amendment by Senator Robert Byrd, who explained (124 Cong.Rec. 36267 (1978)) (emphasis added):

> Section 14(k) of the reported S. 3178 has been eliminated from the Act. This section would have given the Court of Claims jurisdiction under the Declaratory Judgment Act. The elimination of this provision addresses concerns expressed by the Justice Department, the Department of Defense and the Armed Services Committee that allowed [sic] the Court of Claims declaratory judgment authority would undermine the disputes resolving process by permitting, in some cases, access to the Court before presentation of a claim to the contracting officer. *The subject of equity relief was never addressed by the Procurement Commission and I do not believe that S. 3178 is the correct forum for making this change in the jurisdiction of the Court of Claims.*

The amended S. 3178, as passed, became the Contract Disputes Act. *Id.* at 36268, 37076. Thus, the legislative history is clear that § 1491(a)(2) should not be read to confer jurisdiction on this court to render declaratory relief.

■ Waivers of sovereign immunity must be explicit and construed strictly. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Fidelity Construction Co. v. United States,* 700 F.2d 1379, 1383 (Fed.Cir. 1983). Accordingly, a waiver of sovereign immunity cannot be implied. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). When Congress has intended to confer declaratory

jurisdiction on the Claims Court in limited circumstances, it has done so expressly. *See* 28 U.S.C. 1491(a)(3) (relating to pre-award contract claims) and 1507 (relating to claims of tax exempt status under the Internal Revenue Code). In light of the legislative history and the statutory language, this court cannot agree with plaintiff that Congress has conferred jurisdiction over its suit for declaratory relief.

Until either the plaintiff submits a money claim to the contracting officer, which is denied, or the government brings a money claim against plaintiff, this court lacks jurisdiction over the dispute. Accordingly, defendant's motion to dismiss must be GRANTED. The Clerk is directed to dismiss the complaint.