MEGA CONSTRUCTION CO.,
INC., Plaintiff,

v.

UNITED STATES, Defendant.

No. 645–87C.

United States Claims Court.

March 3, 1988.

Lawrence R. Greenberg, Los Angeles, Cal., for plaintiff.

Sheryl L. Floyd, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Gary Shapiro, U.S. Postal Service, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

This contract case came before the court on defendant's motion to dismiss on the grounds that the court lacked subject matter jurisdiction. Defendant contended that because plaintiff filed suit before submitting monetary claims to the contracting officer plaintiff had not complied with the prerequisites to suit under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1982). Defendant also argued that plaintiff's challenge of the termination of the contract in dispute is merely a request for declaratory relief beyond the jurisdiction of this court. Plaintiff responded that it's challenge of the contracting officer's decision of default can be pursued without the formalities associated with contractor claims under the Contract Disputes Act, and that while the relief it seeks appears to be declaratory it, in fact, is a defense to a monetary claim asserted by defendant.

## FACTS

In August 1985, the Postal Service awarded Mega Construction Company a contract for the construction of the main post office in Canoga Park, California. Plaintiff had performed a substantial portion of the contract when defendant in-

formed plaintiff, in writing on June 17, 1987, that a concrete slab or, at the least a portion of it, constructed by plaintiff was defective and that plaintiff must replace the slab in its entirety in a timely fashion. Plaintiff was also instructed to provide defendant within seven days with a schedule of how and when the corrective work would be accomplished. Plaintiff did not respond and in a follow-up letter dated July 9, 1987, defendant gave notice to plaintiff that its inaction was in violation of the contract and that if the required plan of action was not received within five days of receipt of the letter defendant would start proceedings to terminate the contract. Plaintiff did not respond to the July 9 letter and on July 22, 1987, defendant terminated for default plaintiff's right to proceed under the contract.

Defendant informed plaintiff in its termination letter that defendant may proceed to complete the work and that plaintiff would be liable for any excess costs incurred in completing the project. The termination letter contained the requisite language that it was a final decision of the contracting officer and that the decision could be appealed to this court within a year of plaintiff's receipt of the letter. Defendant made no monetary claim at that time. The contracting officer's second final decision dated December 9, 1987, held plaintiff liable for $62,082.62; the difference between the balance remaining on plaintiff's contract and the cost of the reprocurement to complete the project. The December 9, 1987 letter also contained the requisite language informing plaintiff of its right to appeal.

On October 14, 1987, after the termination for default but prior to the assessment of excess costs, plaintiff filed its "Complaint for Declaratory Relief." Plaintiff argued that the termination for default was improper, asked for a declaration of its rights, judgment prohibiting defendant from exercising any of its rights under the termination for default clause of the contract, costs, and that it be permitted to amend its complaint to address any claims for damages subsequently made by defendant. Plaintiff, as of February 19, 1988, the date of oral argument of defendant's motion to dismiss, has not amended its complaint notwithstanding defendant's December 9, 1987 demand for excess costs.

On December 14, 1987, defendant made the present motion to dismiss maintaining that plaintiff's action was in the nature of declaratory judgment and without this court's jurisdiction. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969). Plaintiff's response of January 6, 1988, pointed to the December 9, 1987 letter from the contracting officer in which he declared defendant's decision to exercise contractual remedies for the alleged default, *i.e.,* the assessment of excess costs. Plaintiff maintained that this demand for payment of excess reprocurement costs is a government claim and satisfies the requirements of direct access jurisdiction under 41 U.S.C. § 605(a) where the government has brought a monetary claim against a contractor. In its reply on January 22, 1987, defendant asserted that the December 9, 1987 letter to plaintiff from the contracting officer could not be used by plaintiff to support its October 14, 1987 complaint and that plaintiff's present claim as set forth in the complaint cannot stand. In short, defendant contended that the October 14, 1987 complaint must be dismissed because, at the time, plaintiff had made no claims to the contracting officer and, therefore, had no claim appealable to this court. Defendant would have the court dismiss plaintiff's complaint thereby requiring plaintiff to request yet a third final decision from the contracting officer on the propriety of the determination for default and amount of damages, even though the contracting officer had already addressed both of those issues, then require plaintiff to refile its amended complaint before this court. The court can imagine but only a few more useless and unnecessary acts as requested by defendant here.

The questions before this court are first, whether the December 9, 1987 demand letter from the contracting officer may be used to support the October 14, 1987 complaint, and second, if the demand may be used whether plaintiff's complaint prays

for purely prohibited declaratory relief or in defense of a government claim under 41 U.S.C. § 605(a) within the jurisdiction of this court.

## DISCUSSION

Subsequent to *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), Congress enacted the Contract Disputes Act, 41 U.S.C. §§ 601–613 (1982). The Act provides the government and its contractors with guidelines to resolve disputes arising out of their contracts. Section 605(a) provides:

All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision. All claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer. The contracting officer shall issue his decisions in writing, and shall mail or otherwise furnish a copy of the decision to the contractor. The decision shall state the reasons for the decision reached, and shall inform the contractor of his rights as provided in this chapter.

Section 609(a)(1) of the Act and 28 U.S.C. § 1491(a)(2) posit jurisdiction of such claims in the United States Claims Court.

■ To the extent a contractor's plea is purely declaratory, that is, unrelated to a present monetary claim, this court is without jurisdiction. This is typically the case when the contracting officer simply terminates the contract without exercising any of the myriad of defendant's remedial powers under the contract. In the absence of an exercise of any remedial authority, the United States does not create a claim because plaintiff may simply accept the contracting officer's decision by choosing not to fight it or, more commonly, the parties may settle their differences without resort to litigation. A termination for default alone by the contracting officer does not create a claim cognizable by this court. *Citizens Associates, Ltd. v. United States*, 12 Cl.Ct. 599, 600–01 (1987); *Haynes Constr. Sys., Inc. v. United States*, 10 Cl.Ct. 526 (1986); and *Gunn-Williams v.*

*United States*, 8 Cl.Ct. 531, 534–35 (1985). However, this court has held that once the government has made a money demand upon a contractor in default, a government claim has accrued and the contractor may bring suit under the Contract Disputes Act to determine the propriety of the default determination and the amount of the claimed damages. *Ralcon, Inc. v. United States*, 13 Cl.Ct. 294 (1987); *Citizens Associates, Ltd. v. United States*, 12 Cl.Ct. 599, 601 (1987); *Haynes Constr. Sys., Inc. v. United States*, 10 Cl.Ct. 526, 529 (1986); *Elgin Builders, Inc. v. United States*, 10 Cl.Ct. 40, 44 (1986); *Gunn-Williams v. United States*, 8 Cl.Ct. 531, 535 (1985); *cf. Nuclear Research Corp. v. United States*, 814 F.2d 647, 649 (Fed.Cir.1987); *D. Moody & Co. v. United States*, 5 Cl.Ct. 70, 79 (1984).

■ While it is true that the government claim did not accrue until defendant made its money demand upon plaintiff in December 1987, in the interest of substantial justice this court concludes that plaintiff's earlier pleadings in response to defendant's motion to dismiss brought the issues properly before this court. USCCR 8(f). This is not a case in which the complaint would be statutorily timebarred or otherwise dismissed as untimely. The court concludes that it would be a waste of judicial resources and a denial of justice to dismiss plaintiff's complaint only to have it immediately refiled. Instead, the court concludes, and the parties are noticed that the suit is properly and timely before the court. In order to clarify the issues, plaintiff is ordered to amend its complaint within 30 days of the date of oral argument to specifically address the December 9, 1987 monetary demand of the contracting officer.

It must not be forgotten that this case has as its basis a monetary claim asserted by defendant against the contractor, notwithstanding the fact that plaintiff entitled its plea in this court a Complaint for Declaratory Relief. *Wheeler v. United States*, 3 Cl.Ct. 686, 688 (1983) (the court is not bound by the labels selected by a party in characterizing an action but must determine substantively its true character). Un-

der the rationale of the *Ralcon* line of cases this court unquestionably has jurisdiction to determine the propriety of the termination by default, including the assessment by the contracting officer of excess reprocurement costs.

## CONCLUSION

Defendant's motion to dismiss is denied. The parties are ordered to move forward with preparation for trial.

IT IS SO ORDERED.