The RUSSELL CORPORATION

v.

The UNITED STATES.

No. 556–84C.

United States Claims Court.

Nov. 10, 1988.

Richard P. Decker, Atlanta, Ga., attorney of record, for plaintiff. F. Edwin Hallman, Jr., Jay Michael Barber, and Decker, Cooper & Hallman, of counsel.

George M. Beasley, III, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Alvin A. Schall, Dept. of Justice, and J. Timothy Thompson, Defense Fuel Supply Center, of counsel.

## OPINION

MEROW, Judge:

This litigation involves a contract (No. DLA600–83–D–4167) for certain gasolines, distillates and residuals, awarded to plaintiff on March 16, 1983 by the Defense Fuel Supply Center (DFSC).

### Background

Following a controversy over the pricing formula of the contract involved, on July 26, 1983 plaintiff submitted a claim to recover some $77,195.82 in losses asserted to have been incurred during performance and a modification of the pricing formula. By a decision dated August 26, 1983, the

contracting officer denied plaintiff's claim. No appeal was taken by plaintiff from this decision denying the claim asserted.

By letter of September 21, 1983, plaintiff's counsel notified DFSC that the failure to provide the requested relief to plaintiff constituted a "default" and that "there is no need for the government to engage in its own useless gesture of termination."

In the absence of further performance of the contract by plaintiff, by letters dated October 31 and November 23, 1983, the contracting officer issued a final decision(s) terminating plaintiff's right to perform the contract for default. The decision(s) noted that the terminated supplies covered by the contract would be repurchased and any excess costs assessed against plaintiff.

On October 31, 1984, plaintiff filed its complaint (petition) in this matter, count I of which appealed the contracting officer's default decisions of October 31 and November 23, 1983. Count II of the complaint (petition) asserted that the DFSC wrongfully and willfully refused to modify the contract. Count III of the complaint (petition) asserts a claim for relief on the basis of an asserted mistake-in-bid theory. Count IV of the complaint (petition) premised a claim on the provisions of "Section 4(b)(1)(D) of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 753(b)(1)(D)." For requested relief, plaintiff's complaint (petition) sought: a modification of the pricing formula to reflect changes in market conditions; that any funds wrongfully withheld as a result of wrongful termination be paid to plaintiff; that plaintiff's discontinuation of performance be found to be excusable; that the default termination be changed to a termination for convenience of the government; that the government pay $600,000 as damages and lost profit due to wrongful termination; that interest on the claim be paid under the Contract Disputes Act (CDA).

DFSC has asserted three claims against plaintiff under contract No. DLA600–83–D–4167 for its asserted failure to perform under the contract. The contracting officer issued a final decision on the first claim for $58,081.22 on January 9, 1985. The contracting officer issued a final decision on the second claim for $135,214.63 on March 8, 1985. The contracting officer issued a final decision on the third claim for $6,818.15 on June 3, 1985. This third claim amount was revised to $5,248.96 by a letter dated August 8, 1985.

In March of 1985, DFSC withheld $60,731.37, otherwise due plaintiff on another contract, to apply against its claim against plaintiff for failure to deliver under the instant contract, No. DLA600–83–D–4167.

On July 17, 1985, plaintiff filed an amended complaint which retained the original language with the exception that the requested relief of $600,000 in damages and lost profit was deleted.

Defendant's answer was filed on September 16, 1985 and a pretrial order was then issued. Certain pretrial submissions have been exchanged as contemplated by this order.

By motion to dismiss, defendant asserts that the Claims Court lacks jurisdiction to grant the relief sought by plaintiff, which relief is claimed to be declaratory in nature. Alternatively, defendant seeks a ruling, *in limine,* barring plaintiff from challenging the default termination on the basis of contentions which were the subject of the unappealed contracting officer's decision of August 26, 1983. If the motion *in limine* is granted, defendant seeks summary judgment on the basis that plaintiff could not then overcome the default determination.

Plaintiff opposes defendant's motion(s) for dismissal, *in limine,* and summary judgment, asserting that jurisdiction is present to grant the relief requested by plaintiff and defendant has not established valid grounds to support the *in limine* ruling sought.

### *Discussion*

■ The basic question raised by defendant's motion is whether the Claims Court has jurisdiction over plaintiff's appeal of the default termination decision rendered by the contracting officer. While there are Claims Court decisions on this question which support defendant's position, a re-

cent decision, *Claude E. Atkins Enterprises, Inc. v. United States*, 15 Cl.Ct. 644 (1988), concludes that the Claims Court has jurisdiction in this circumstance pursuant to the express language in 28 U.S.C. § 1491(a)(2) added by section 14(i) of the CDA, 92 Stat. 2391. This decision is considered to be correct.[1]

■ A contracting officer's CDA decision that a contractor is in default constitutes a "money oriented" government claim against the contractor. *Malone v. United States*, 849 F.2d 1441, 1443, 1445 (Fed.Cir.1988). The Claims Court has been afforded jurisdiction to grant declaratory relief on a contractor's appeal under the CDA to overturn a government claim, as asserted by a contracting officer's decision. *Ralcon, Inc. v. United States*, 13 Cl.Ct. 294, 300–01 (1987).

■ In the instant case, plaintiff has appealed only the government default decisions. Plaintiff did not appeal the August 26, 1983 decision by the contracting officer denying the claim to recover listed losses and to obtain a contract modification. Plaintiff has also not appealed the contracting officer's decisions asserting excess cost claims. Plaintiff has not filed a claim with the contracting officer seeking the $60,-731.37 withheld by DFSC. A claim submitted to the contracting officer and a timely appeal from a resulting decision are prerequisites to Claims Court jurisdiction under the CDA. *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 645 F.2d 966 (1981).

Accordingly, while the validity of the excess cost assessments and the withholding of $60,731.37 are undoubtedly inextricably linked to the validity of the government default determinations, *Malone v. United States*, 849 F.2d 1441, 1445 (Fed.Cir.1988), these separate claim matters have not appropriately been brought before the court in this litigation. On the record to date, this case encompasses only the validity of the default determinations.

Defendant seeks a ruling, *in limine*, that plaintiff's case against the validity of the default determinations may not be premised on any of the contentions which were the subject of the claim denied by the contracting officer on August 26, 1983.

Section 6(b) of the CDA, 41 U.S.C. § 605(b), provides (in relevant part):

(b) The contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by this Act.

Plaintiff did not appeal the contracting officer's August 26, 1983 decision denying the claim for listed losses and a contract modification. The time for any appeal has expired such that the decision has become final pursuant to 41 U.S.C. § 605(b) and not

---

1. The Claims Court decisions rejecting jurisdiction over CDA appeals from contracting officer default decisions rely on the ruling in *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), that declaratory judgments were not encompassed within the authority conferred by 28 U.S.C. § 1491. *See, e.g., Citizens Associates, Ltd. v. United States*, 12 Cl.Ct. 599 (1987). However, for the full period of the time between the *King* decision in 1969 and the enactment of the CDA in 1978, the Court of Claims continued to rule on the validity of such contract default decisions in the context of judicial review of contract appeal board rulings pursuant to Wunderlich Act (41 U.S.C. §§ 321, 322) standards. *See, e.g., Marley v. United States*, 191 Ct.Cl. 205, 423 F.2d 324 (1970); *Astronautics Corp. v. United States*, 193 Ct.Cl. 910, 436 F.2d 430 (1971); *Whittaker Corp. v. United States*, 195 Ct.Cl. 161, 443 F.2d 1373 (1971); *H.N. Bailey & Associates v. United States*, 196 Ct.Cl. 156, 449 F.2d 387 (1971); *Maney Aircraft Parts v. United States*, 197 Ct.Cl. 159, 453 F.2d 1260 (1972); *Discount Co. v. United States*, 213 Ct.Cl. 567, 554 F.2d 435 (1977). The Wunderlich Act was not a jurisdictional statute so that the Court of Claims assumed jurisdiction, prior to the CDA, over these contract default matters under the contract jurisdiction afforded by 28 U.S.C. § 1491. *United States v. Bianchi & Co.*, 373 U.S. 709, 713, 83 S.Ct. 1409, 1412–13, 10 L.Ed.2d 652 (1963). Adding specific language to 28 U.S.C. § 1491 to cover claims or disputes, as was accomplished by section 14(i) of the CDA, 92 Stat. 2391, can in no logical way be construed as intended to end the prior well established practice of both the boards of contract appeals and the Court of Claims in assuming jurisdiction over the validity of contract default decisions. These contract decisions necessarily have a "money" orientation which, even absent the language of 28 U.S.C. § 1491(a)(2), would remove them from the restrictions imposed by the *King* ruling.

subject to review. Plaintiff may not now recover the claimed losses listed or obtain the modification sought by recasting this claim in the form of an appeal from the subsequent default decisions. *See Santa Fe Engineers, Inc. v. United States,* 818 F.2d 856, 859 (Fed.Cir.1987) (claim as presented controls scope of judicial proceedings).

On the other hand, were the default decisions to be overturned, it is likely that monetary relief could be available to plaintiff in addition to that sought in the claim denied on August 26, 1983. *See Lisbon Contractors, Inc. v. United States,* 828 F.2d 759, 767–68 (Fed.Cir.1987) (convenience termination costs). As noted, however, the present litigation is addressed only to the contracting officer's decisions which were appealed—the default terminations. The question as to the relief, if any, which would flow to either party from a ruling in this litigation as to the validity of these default decisions is not before the court, and cannot be before the court in the absence of a claim to the contracting officer and a timely appeal. 41 U.S.C. §§ 605, 609.

 In determining the validity of the default determinations, plaintiff is not barred from relying upon contentions rejected by the contracting officer in the unappealed decision dated August 26, 1983. This is because, under the CDA, proceedings before the contracting officer do not provide the parties with an opportunity actually to litigate the issues such that the decision by the contracting officer can, appropriately, be afforded issue preclusion status in other claims. This is illustrated by section 6(a) of the CDA, 41 U.S.C. § 605(a), which provides, with respect to a decision by the contracting officer, that "specific findings of fact are not required, but if made, shall not be binding in any subsequent proceeding." *See Dean Const. Co. v. United States,* 188 Ct.Cl. 62, 74, 411 F.2d 1238, 1245 (1969); *compare United States v. Utah Const. Co.,* 384 U.S. 394,

422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966) (contract appeal board findings on actually litigated matters entitled to finality in subsequent proceedings). It is concluded that the finality afforded by 41 U.S. C. § 605(b) is expressly addressed only to the specific claim involved. *See United States v. Roarda, Inc.,* 671 F.Supp. 1084 (D.Md.1987) (summary judgment granted on unappealed contracting officer decision asserting government claim). Thus, the finality does not extend to the separate government default claims involved here.[2]

### Conclusion

As the Claims Court has jurisdiction over plaintiff's appeal of the default determinations and, as defendant has not established a valid basis for its position expanding the finality impact of an unappealed decision by a contracting officer, it is ORDERED:

(1) Defendant's motions to dismiss and *in limine* are denied;

(2) On or before December 16, 1988 counsel shall file a brief Status Report(s) with the court indicating whether the pretrial submissions now require supplementation and, if so, the time required.

---

**2.** It could also be argued that the prior claim contentions are also open to consideration in this default matter under the so-called "Fulford" doctrine, to the extent that the government's

subsequent claim of default necessarily encompasses consideration of such matters in determining its validity. *See D. Moody & Co. v. United States,* 5 Cl.Ct. 70, 78–79 (1984).