**CONTINENTAL HELLER CONSTRUCTION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–292C.**

United States Claims Court.

Sept. 24, 1990.

Michael F. Minchella, Universal City, Cal., for plaintiff.

Cynthia D. Walicki–Chan, Washington, D.C., with whom were Asst. Atty. Gen. Stuart M. Gerson, Director David M. Cohen and Asst. Director Sharon Y. Eubanks, for defendant.

## OPINION

LYDON, Senior Judge:

This government contract case is before the court on defendant's motion to dismiss plaintiff's two-count complaint seeking monetary and declaratory relief for lack of subject matter jurisdiction, pursuant to RUSCC 12(b)(1). Plaintiff, Continental Heller Construction (CHC), a building contractor, filed suit in this court contesting the final decision of a contracting officer finding plaintiff responsible for the payment of a sewer connection fee in connection with a contract plaintiff had with the General Services Administration (GSA). In responding to defendant's motion to dismiss, plaintiff concedes that its monetary claim is premature and should be dismissed, but asserts that its claim for declaratory relief is properly before the court, as it is essentially a government claim against plaintiff. After careful review of the parties' submissions, oral argument being deemed unnecessary, the court finds merit in defendant's position.

## FACTS

Plaintiff CHC entered into a contract with defendant, acting through GSA, for construction of a federal building in Long Beach, California. During the course of the contract, a dispute arose between the parties as to whether the contract required plaintiff to pay a sewer connection fee imposed by a local ordinance in the county sanitation district where the building was located. GSA ordered CHC to pay the connection fee, and CHC refused to do so. On January 30, 1989, CHC wrote a letter to GSA explaining the reasons for its belief that the contract did not obligate CHC to pay the connection fee, and requesting a written decision on the issue from the contracting officer.

On April 7, 1989, the contracting officer issued a written decision finding CHC responsible under the contract for payment of the sewer connection fee. Neither CHC's letter nor the contracting officer's decision identified any monetary claim.

On April 4, 1990, CHC filed a direct access suit in this court, pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601–13 (1988), to appeal the contracting officer's decision. At the time plaintiff filed suit, neither CHC nor GSA had paid the sewer connection fee. Count 1 of plaintiff's two-count complaint seeks an equitable adjustment to the contract price, due to GSA's alleged change in the contract to require CHC's payment of the connection fee, in an undetermined amount estimated to be over $150,000.

In Count 2, plaintiff characterizes its claim as seeking a "declaratory judgment" that CHC is not obligated under the contract to pay the connection fee, or in the alternative, that GSA is responsible for paying the fee.

Defendant's motion to dismiss contends that the court lacks subject matter jurisdiction over both claims in the complaint. As to Count 1, defendant argues that the monetary claim for an equitable adjustment should be dismissed because plaintiff never submitted it to the contracting officer for a final decision, as required by section 605(a) of the CDA. As to Count 2, defendant maintains that this court lacks jurisdiction under the CDA to grant the declaratory relief plaintiff seeks.

In its opposition to defendant's motion, plaintiff concedes that defendant is correct in arguing that Count 1 should be dismissed. Plaintiff agrees that "a money claim cognizable by the Claims Court under the CDA has not yet accrued because CHC has not yet sustained any specific monetary damages to date nor has it presented any specific monetary claim to the Contracting Officer for decision." Therefore, plaintiff requests that the court dismiss Count 1 without prejudice. With regard to Count 2, plaintiff maintains that the court has jurisdiction over the declaratory judgment claim because it is actually a government claim against plaintiff.

## DISCUSSION

■ The court agrees with the parties that the court has no jurisdiction over Count 1 of plaintiff's complaint for an equitable adjustment to the contract price, since the claim was never the subject of a contracting officer's final decision. This is a jurisdictional prerequisite under the CDA. 41 U.S.C. § 605(a); *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 192, 645 F.2d 966, 976 (1981), *aff'd*, 230 Ct.Cl. 884 (1982); *Conoc Constr. Corp. v. United States*, 3 Cl.Ct. 146, 147–48 (1983). Accordingly, the court grants defendant's motion to dismiss Count 1 of plaintiff's complaint.

■ With regard to defendant's motion to dismiss Count 2 of plaintiff's complaint, which seeks a declaratory judgment that plaintiff is not responsible under the contract for paying the sewer connection fee, the issue is whether the court has jurisdiction, under the CDA, to render a declaratory judgment unaccompanied by a monetary claim. There is case law on both sides of the issue. For the following reasons, the court concludes that it has no jurisdiction to grant the type of declaratory relief plaintiff seeks here.

Prior to the enactment of the CDA in 1978, this court's predecessor, the Court of Claims, had no jurisdiction to grant declaratory relief such as plaintiff requests here. The court's jurisdiction was generally limited to claims for monetary relief, under its jurisdictional statute, the Tucker Act, 28 U.S.C. § 1491. In *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), the Supreme Court held that, absent an express grant from Congress, "we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments." *United States v. King, supra*, 395 U.S. at 5, 89 S.Ct. at 1503.

In 1982, Congress amended section 1491(a)(2) of the Tucker Act to add the following sentence: "The Court of Claims [now the Claims Court] shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under the Contract Disputes Act of

1978." 28 U.S.C. § 1491(a)(2). In 1982, Congress also amended section 1491(a)(3) of the Tucker Act, in which Congress expressly provided the court with limited declaratory judgment authority over claims brought before a contract is awarded. 28 U.S.C. § 1491(a)(3).

A line of Claims Court decisions beginning with *Claude E. Atkins Enters., Inc. v. United States*, 15 Cl.Ct. 644 (1988), indicates that the court has, on occasion, relied on the amendment to section 1491(a)(2) in holding that the court has jurisdiction over contractor appeals from default terminations, even when the contractor seeks no specific monetary relief. *Claude E. Atkins, supra*, 15 Cl.Ct. at 647. In *Claude E. Atkins*, the contractor challenged the government's default termination, and sought to convert it to a termination for convenience with money damages. However, since the contractor had not submitted the monetary claim to the contracting officer for decision, the court dismissed the monetary claim for lack of jurisdiction. The court concluded that the default termination claim was a government claim, which did not need to be submitted to the contracting officer under the CDA. In concluding that the court had jurisdiction over the bare default termination claim without an accompanying monetary claim, the court relied in part on the Federal Circuit's decision in *Malone v. United States*, 849 F.2d 1441 (Fed.Cir.1988). In *Malone*, the Federal Circuit held that agency boards of contract appeals have jurisdiction to consider the validity of a contractor's default termination without a specific claim for monetary relief. *Malone, supra*, 849 F.2d at 1444–45. In *Claude E. Atkins*, the court observed that the "[j]urisdiction of the agency boards and the Claims Court is coextensive with respect to review of decisions of a contracting officer," citing several CDA provisions. *Claude E. Atkins, supra*, 15 Cl.Ct. at 647. On the basis of *Malone*, the CDA provisions, and the amendment to section 1491(a)(2) of the Tucker Act cited above, the court in *Claude E. Atkins* concluded that it had jurisdiction over the contractor's challenge

to the default termination, notwithstanding the lack of a monetary claim for relief by either party. With regard to the Supreme Court's holding in *United States v. King, supra,* that the Court of Claims had no jurisdiction to render declaratory judgments, the court in *Claude E. Atkins* implied that the holding in *King* was vitiated by the 1978 enactment of the CDA and the 1982 amendment to section 1491(a)(2) of the Tucker Act. *Claude E. Atkins, supra,* 15 Cl.Ct. at 647 n. 4.

A number of Claims Court cases have followed the reasoning in *Claude E. Atkins* in holding that the Claims Court has jurisdiction under the CDA to hear default termination appeals that do not request specific monetary relief. *See, e.g., Crippen & Graen Corp. v. United States,* 18 Cl.Ct. 237, 240 (1989); *Russell Corp. v. United States,* 15 Cl.Ct. 760, 762 (1988).

Plaintiff in this case asserts that its claim for declaratory relief is essentially a government claim since the contracting officer determined that CHC was responsible for paying the sewer connection fee, citing *Russell, supra.* Plaintiff relies on the *Russell* court's finding that a default termination claim is a government claim by arguing that its declaratory relief claim "is quite similar to a default termination claim." On the strength of *Russell* and *Malone,* plaintiff contends that the court has jurisdiction over its claim. However, plaintiff's claim is not an appeal from a default termination, but rather an appeal from a contracting officer's decision indicating plaintiff was responsible under the contract to pay the sewer connection fee. Plaintiff's reliance on the default termination cases is misplaced. In *Malone, supra,* the Federal Circuit explained the rationale for allowing a contractor to appeal a default termination claim [to an agency board of contract appeals] without a monetary claim: "if the government incurs no excess reprocurement costs, and the contractor incurs no termination for convenience costs, the contractor has no opportunity to contest the validity of the termination." *Malone, supra,* 849 F.2d at 1445. That rationale does not fit this situation. Here, plaintiff has not been terminated for

default. Therefore, plaintiff can pay the connection fee, submit an equitable adjustment claim to the contracting officer, and appeal the contracting officer's presumably adverse decision.

In another series of Claims Court decisions on this jurisdictional issue, the court has rejected the *Claude E. Atkins* line of cases in holding that the court does not have jurisdiction under the CDA to render declaratory judgments on post-award contract claims without a monetary damage claim. *See, e.g., Scott Aviation v. United States,* 20 Cl.Ct. 780 (1990); *Overall Roofing & Constr., Inc. v. United States,* 20 Cl.Ct. 181 (1990); *SGW, Inc. v. United States,* 20 Cl.Ct. 174 (1990); *Industrial Coatings, Inc. v. United States,* 11 Cl.Ct. 161 (1986); *Alan J. Haynes Constr. Sys., Inc. v. United States,* 10 Cl.Ct. 526 (1986); *Williams Int'l Corp. v. United States,* 7 Cl.Ct. 726 (1985).

The facts surrounding the *Williams* and *Alan J. Haynes* cases are similar to the facts here. For example, in *Williams,* the contractor sought to have the court resolve a dispute between the parties regarding contract drawings. The court found that since the contractor had incurred no money damages as yet, and sought no monetary relief, its claim was substantially one for declaratory relief. *Williams, supra,* 7 Cl.Ct. at 729. In *Alan J. Haynes, supra,* the contractor appealed a contracting officer's decision finding the contractor liable to re-perform the contract. The court held that it had no jurisdiction to render such a declaratory judgment. *Alan J. Haynes, supra,* 10 Cl.Ct. at 529.

In both *Alan J. Haynes* and *Williams,* the court relied on the legislative history of the CDA to conclude that "except in narrow circumstances, Congress did not intend to expand this court's traditional jurisdiction, limited to money claims ... into equitable and declaratory relief." *Alan J. Haynes, supra,* 10 Cl.Ct. at 528 (citation omitted) (citing *United States v. King, supra,* and *Williams, supra* ). In *Williams,* the court emphasized that because the court's jurisdiction traditionally has been limited to money claims, "the *sine qua non*

for jurisdictional purposes in this court is that ... actions, claims and disputes be money oriented in some way." *Williams, supra,* 7 Cl.Ct. at 731.

Like the court in *Williams,* this court rejects plaintiff's contention that its claim for a declaratory judgment is "money oriented." Plaintiff admits that a "monetary claim has not yet accrued to plaintiff." The court is unable to enter a judgment where no existing money damages are involved. Moreover, plaintiff admittedly seeks only "a declaratory judgment that CHC is not obligated under the contract to pay the connection fee as demanded by GSA." The court has no jurisdiction over such a claim for declaratory relief. Accordingly, Count 2 of plaintiff's complaint must be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is granted, as to both Counts 1 and 2. The Clerk of the court is directed to enter judgment dismissing plaintiff's complaint without prejudice. No costs.