ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Aviation Training Consulting, LLC | ) | ASBCA No. 63634 |
| | ) | |
| Under Contract No. FA8621-16-C-6339 | ) | |

APPEARANCES FOR THE APPELLANT:    John M. Mattox II, Esq.
Matthew T. Schoonover, Esq.
Matthew P. Moriarty, Esq.
Ian P. Patterson, Esq.
Timothy Laughlin, Esq.
  Schoonover & Moriarty LLC
  Olathe, KS

APPEARANCES FOR THE GOVERNMENT:    Caryl A. Potter III, Esq.
  Air Force Deputy Chief Trial Attorney
Aaron J. Weaver, Esq.
Geoffrey Townsend, Esq.
  Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

According to its complaint, appellant "operates, maintains, supports, and upgrades the Air Force's training systems (or trainers) for B-52 bombers," pursuant to its contract with the government.[1]  Among the relief that appellant seeks in this appeal is an equitable adjustment in the amount of $512,319.16, pursuant to Section 3610 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281, to compensate appellant for its alleged "increased costs to keep its workforce in ready state during the COVID-19 pandemic."[2]  The contracting officer denied appellant's request for that relief.[3]  The government moves to dismiss appellant's Section 3610 request "for failure to state a claim within the subject matter jurisdiction of the Board to decide and grant," asserting that "[t]he Board does not have subject matter jurisdiction [] to make an award to [appellant] under Section 3610 of the CARES Act."[4]  We treat that request strictly as a motion to dismiss for lack of jurisdiction.

---

[1] Compl. at 1.
[2] Compl. at 1, 31 ¶¶ a, b.
[3] Notice of Appeal, ex. A.
[4] Mot. at 1.

In general, the Board possesses jurisdiction to entertain an appeal from a contracting officer's final decision upon a "claim" that has been submitted according to the procedures delineated in the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. *See ECC Int'l Constructors, LLC v. Sec'y of Army*, 79 F.4th 1364, 1377 (Fed. Cir. 2023). Those requirements include that the claim be one "relating to a contract" with the government. *See* 41 U.S.C. §§ 7102(a), 7103(a)(1). The phrase "relating to a contract" is to be read broadly. *ABB Enter. Software, Inc., f/k/a Ventyx*, ASBCA No. 60314, 16-1 BCA ¶ 36,425 at 177,573. To be related to a contract, a claim must have some relationship to the terms or performance of the government contract. *Id.*

Section 3610 of the CARES Act provides (emphasis added):

> Notwithstanding any other provision of law, and subject to the availability of appropriations, funds made available to an agency by this Act or any other Act may be used by such agency *to modify the terms and conditions of a contract*, or other agreement, without consideration, to reimburse at the minimum applicable contract billing rates not to exceed an average of 40 hours per week any paid leave, including sick leave, a contractor provides to keep its employees or subcontractors in a ready state, including to protect the life and safety of Government and contractor personnel, but in no event beyond September 30, 2020. Such authority shall apply only to a contractor whose employees or subcontractors cannot perform work on a site that has been approved by the Federal Government, including a federally-owned or leased facility or site, due to facility closures or other restrictions, and who cannot telework because their job duties cannot be performed remotely during the public health emergency declared on January 31, 2020 for COVID–19 . . . .

Section 3610 provides to an agency the discretion to modify the terms and conditions of a government contract to reimburse the contractor for paid leave, related to the COVID–19 public health emergency, that the contractor provided to certain employees or subcontractors. Consequently, a claim presented to a contracting officer by a government contractor for Section 3610 relief is a claim "relating to a contract" within the meaning of the CDA. Therefore, the Board possesses jurisdiction pursuant to the CDA to entertain an appeal from a decision by a contracting officer denying a Section 3610 claim. *Cf. Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1308 (Fed. Cir. 2011) (finding Board jurisdiction; negative contract performance evaluation "related to" contract within the meaning of the CDA).

2

The government analogizes Section 3601 to Public Law 85-804, which also provides agencies broad discretionary authority to modify contracts with the government, but whose legislative history demonstrates that Congress intended to exclude Public Law 85-804 from the operation of the CDA, s*ee Todd Constr.*, 656 F.3d at 1313 (discussing *Paragon Energy Corp. v. United States*, 645 F.2d 966 (Ct. Cl. 1981), *aff'd*, 230 Ct. Cl. 884 (1982)), thus depriving the Board of jurisdiction to entertain appeals from government decisions upon requests for relief pursuant to Public Law 85-804. *See Am. Gen. Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,638-39. Here, we are shown no legislative history indicating that Congress similarly intended to exclude Section 3610 of the CARES Act from the operation of the CDA. Consequently, we find jurisdiction to entertain appellant's appeal from the contracting officer's denial of appellant's request for Section 3610 relief, specifically appellant's contention that the government's "withholding of Section 3610 funds from [appellant] was deliberate and motivated by arbitrary and abusive considerations."[5] Accordingly, the government's motion to dismiss appellant's request for relief pursuant to Section 3610 of the CARES Act for lack of jurisdiction is denied.

Dated: January 11, 2024

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

---

[5] Compl. at 31 ¶ 234.

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63634, Appeal of Aviation Training Consulting, LLC, rendered in conformance with the Board's Charter.

Dated: January 11, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals