**Berna GUNN–WILLIAMS, Trading as Scrupples Janitorial Services**

v.

**The UNITED STATES.**

No. 665–83C.

United States Claims Court.

July 17, 1985.

**532**

Stephen J. Johnson, Vienna, Va., for plaintiff.

Joseph T. Casey, Jr., Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant.

## ORDER

YOCK, Judge.

On November 4, 1983, the plaintiff filed a direct access suit in this Court, seeking to convert the Government's termination for default into a termination for convenience and to recover appropriate termination costs. In support thereof, the plaintiff alleged that the Government's cure notice was improper and that, in any event, she was meeting her obligations under the contract. As a result, the plaintiff sought damages in the amount of $131,796.05, representing payment allegedly due pursuant to the contract provisions regarding termination for convenience.

On January 13, 1984, the Government filed a motion to dismiss the plaintiff's Complaint for lack of jurisdiction. The Government argued that the plaintiff's Complaint should be dismissed in *toto* because she had filed a direct access suit in this Court challenging the default termination and seeking termination for convenience money damages without first submitting a certified claim, in writing, to the contracting officer and receiving his final decision on the matter. The plaintiff filed a brief in opposition, and the defendant filed a reply.

On December 5, 1984, a hearing was held on the Government's motion to dismiss. At such hearing, the Government's attorney argued the above position and indicated that, if the Court granted the Government's motion, the plaintiff's:

[P]roper recourse would be to properly certify the claim, because this claim is for $131,000. So, properly certify the claim to resubmit it to a contracting officer—there's an adverse contracting officer's decision and Scrupples can either appeal to the Board of Contract Appeals or directly to this Court again.

And we submit, Your Honor, that if you dismiss the action here, obviously it would be without prejudice because it's a jurisdictional matter. And that Scrupples can go back and do what Congress intended it to do when it enacted the CDA.

The plaintiff, however, while acknowledging that any claim by a contractor against the Government must first be presented to the contracting officer for a final decision and that, when such a claim exceeds $50,000 in value, it must be certified in accordance with the Contract Disputes Act, argued that the Government's termination for default is itself a claim by the Government upon which a final decision has already been issued. In particular, the plaintiff relied on the following language in the Contract Disputes Act:

All claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer. The contracting officer shall issue his decision in writing.

41 U.S.C. § 605(a). Accordingly, the plaintiff alleged that she is merely exercising her right of appeal of that final decision by seeking to convert the termination for default into a termination for convenience so that the Court can award her the contractually allowed costs for a termination for convenience. Therefore, the plaintiff maintained that neither a contracting officer's final decision on her termination costs nor her certification of the amount in question were necessary to confer jurisdiction on this Court.

At the hearing, in response to the Government's argument, the plaintiff's counsel offered to strike the demand in the Complaint for money damages. The plaintiff would then go back and file a claim for money damages with the contracting officer, based upon a termination for convenience claim. The remaining default termination claim could then either be continued while the contracting officer decided the money damage claim or be suspended pending the decision on the money damage claim.

On December 7, 1984, after carefully considering all of the evidence, this Court granted the Government's motion to dismiss, holding that:

In filing her termination for convenience complaint with this Court, the plaintiff has gone beyond merely defending against the Government's termination for default. The plaintiff, in her complaint, has stated categorically that she is entitled to a determination that the Government terminated her contract for convenience, rather than for default, and that such a determination is worth approximately $131,795. In this Court's view, the plaintiff has thus filed an affirmative claim. Since it is an affirmative claim for over $50,000, the plaintiff is required, under the Contract Disputes Act, to certify and to submit the claim to the contracting officer for a final decision before filing a direct access case in this Court. Two decisions of this Court have recently so held, and this Court agrees with their analysis.

*Berna Gunn-Williams v. United States,* 6 Cl.Ct. 820, 823 (1984). Further, in reliance on the Government's attorney's arguments and assurances, the Court stated that:

The proper course of action—for a contractor whose case is dismissed for lack of jurisdiction—is the following: (1) properly certify the claim; (2) resubmit the certified claim to the contracting officer; (3) if there is then an adverse contracting officer's decision, appeal either to the board of contract appeals (41 U.S.C. § 606) or directly to this Court (41 U.S.C. § 609).

*Berna Gunn-Williams v. United States, supra,* 6 Cl.Ct. at 824.

No appeal was filed, but on February 27, 1985, the Government moved to partially vacate this Court's judgment of December 7, 1984, pursuant to RUSCC 60(b) on the basis of legal error, and to reinstate that part of the plaintiff's Complaint challenging the validity of the Government's default termination. The basis for the Government's motion to vacate was stated thusly:

[T]hat part of Scrupple's complaint that timely appealed the Government's default termination should not have been dismissed, because it is the Government's claim, which was required to be appealed within one year of the contracting offi-

er's [sic] decision or be time-barred. 41 U.S.C. § 609(a)(3).

6. Prejudice to Scrupples will result if this motion is not granted. The contracting officer's default determination was issued on July 27, 1983. Scrupples's appeal of this determination was timely filed by virtue of its filing a complaint within one year on November 4, 1983. Given the Court's dismissal of the complaint on December 7, 1984, however, we would argue that Scrupples would be time-barred in an attempt now to raise this appeal in the context of litigating a contracting officer's decision denying Scrupples's claim for termination for convenience costs, should Scrupples decide to pursue that remedy.

The plaintiff responded in opposition to the Government's motion to vacate, and the Government filed a reply.

In considering the Government's motion to vacate, it seems necessary for this Court to clarify what constitutes a contractor's claim and what constitutes a Government claim within the context of a termination for default. Under the Contract Disputes Act, only "claims" can be appealed. 41 U.S.C. §§ 605(a), 607, 609(a). Moreover, a contractor has the unilateral right to appeal either a contracting officer's adverse final decision on his claim (contractor's claim) or on a Government claim to either a board of contract appeals or this Court. 41 U.S.C. §§ 607, 609(a).

■ A contractor can dispute a Government's termination for default by merely filing a written claim with the contracting officer, seeking to convert the default into a termination for convenience and to recover the contractually authorized damages for such termination for convenience. A contractor's claim, challenging the termination for default, is ripe for appeal to this Court, under 41 U.S.C. § 609(a), *only* after the contractor submits a written claim, certified if necessary, to the contracting offi-

cer and after the contracting officer issues a final decision on that claim. 41 U.S.C. § 605. *See Tecom, Inc. v. United States,* 732 F.2d 935 (1984); *T.J.D. Services, Inc. v. United States,* 6 Cl.Ct. 257 (1984); *Thoen v. United States,* 5 Cl.Ct. 823 (1984); *Milmark Services, Inc. v. United States,* 231 Ct.Cl. 954 (1982); *Troup Bros. v. United States,* 231 Ct.Cl. 707 (1982); *White Plains Iron Works, Inc. v. United States,* 229 Ct.Cl. 626 (1981); *Paragon Energy Corp. v. United States,* 227 Ct.Cl. 176, 645 F.2d 966 (1981). Accordingly, if a contractor has failed to comply with the above statutory prerequisites, he cannot invoke the direct access jurisdiction of this Court, based upon a *contractor's claim,* to challenge the validity of the termination for default.

■ Upon the contractor satisfying the above statutory prerequisites, his claim becomes ripe and he can appeal within 90 days of the contracting officer's final decision to the board of contract appeals (41 U.S.C. § 607) or within 12 months of the contracting officer's final decision to this Court (41 U.S.C. § 609(a)). *T.J.D. Services, Inc. v. United States, supra,* 6 Cl.Ct. at 263. Prior to the issuance of the contracting officer's final decision on the contractor's claim, neither of these statutory time limits for appeal begin to run. 41 U.S.C. § 605(c). However, contractually agreed upon time limits for filing such claims with the contracting officer may prevent the contractor from later asserting his claim. After the issuance of a final decision on the contractor's claim, failure of the contractor to appeal, within the statutory time limits, divests this Court of jurisdiction.

■ Under the Contract Disputes Act, a contractor also has the right to appeal a *Government claim* to this Court without first filing any claim with the contracting officer. 41 U.S.C. §§ 605(a), 609(a). A simple termination for default, however, does not constitute a Government claim.[1]

---

1. In reaching this decision, the Court would note that it is respectfully disagreeing with those board of contract appeals' decisions that have found that a mere termination for default con-

stitutes a Government claim. *See generally J.M.T. Machine Co.,* ASBCA Nos. 23928, 24298, 24536, 84–1 BCA ¶ 17,118; *Dickerson Aerial Surveys, Inc.,* AGBCA No. 83–152–1, 83–2 BCA

*Cf. Z.A.N. Co. v. United States,* 6 Cl.Ct. 298, 305–06 (1984). The Government in terminating a contract for default has merely administratively exercised one of its contractual rights. At this point, there is no dispute between the parties—the contractor can accept the default termination, and the Government can decide not to pursue its contractual remedies for default (*e.g.,* assessment of excess costs of reprocurement, assessment of liquidated damages, and recovery of earlier paid progress payments). A "claim," under the Contract Disputes Act, does not exist until there is a dispute between the parties. *See Keystone Coat & Apron Mfg. Corp. v. United States,* 150 Ct.Cl. 277 (1960). Once the Government contracting officer issues a final decision representing the Government's intention to pursue its contractual remedies for default, a Government claim exists that is ripe for appeal to this Court.

 Therefore, a contractor cannot invoke this Court's direct access jurisdiction to challenge the validity of the Government's unilateral termination for default, unless the contractor first files his own claim with the contracting officer challenging the default and seeking, instead, a termination for convenience *or* unless the Government, through a contracting officer's final decision, asserts a Government claim against the contractor representing the Government's intention to pursue its contractual remedies for default. While the reasoning in this decision may differ somewhat from that used in prior decisions of this Court, the final result accords with the results reached in such prior decisions.[2] *See Berna Gunn-Williams v. United States,* 6 Cl.Ct. 820 (1984); *Halec Construction Co. v. United States,* 6 Cl.Ct. 439

(1984). *See also D. Moody & Co. v. United States,* 5 Cl.Ct. 70 (1984).

 Accordingly, for the reasons discussed above, the defendant's motion to vacate is denied, since a Government termination for default is not a Government claim, within the scope of the Contract Disputes Act, which must be appealed to this Court within 12 months of the contracting officers' decision.

IT IS SO ORDERED.

¶ 16,903; *Oregon Land Works, Inc.,* AGBCA No. 16,638, 83–2 BCA ¶ 16,638; *James Reedom, d/b/a J & M Electronic,* ASBCA No. 30226, 85–1 BCA ¶ 17,879.

**2.** In reaching this decision, the Court has not addressed the question of whether or not a Government claim must be of a monetary nature in order for the contractor to be able to invoke this Court's direct access jurisdiction.

The Contract Disputes Act confers jurisdiction on this Court over *all* claims "relating to a contract." 41 U.S.C. §§ 605(a), 609(a); *Z.A.N. Co. v. United States, supra,* 6 Cl.Ct. at 303–04. Recently, however, Judge Lydon decided that this Court has jurisdiction over *only* monetary claims. *Williams International Corp. v. United States,* 7 Cl.Ct. 726 (1985).