**CITIZENS ASSOCIATES, LTD., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 651–86C.**

United States Claims Court.

July 10, 1987.

William F. Clark, Atlanta, Ga., for plaintiff.

Eric L. Miller, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant; Ralph O. Howard, General Services Admin., of counsel.

## OPINION

### MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of jurisdiction, plaintiff's opposition thereto, and plaintiff's motion to stay proceedings.

### . FACTS

On June 16, 1982 the United States, acting through the General Services Administration, leased 87,121 square feet of space in an office building located in Atlanta, Georgia from plaintiff's predecessors in interest for use as District Headquarters by the Sixth Marine Corps. The rent was $752,844.04 per annum for a term of ten years. The lease was later jointly amended to reduce the leased space to 85,445 square feet with a corresponding reduction in rent. Following complaints by the Corps of a leaky roof and other unspecified problems, the contracting officer issued, on June 6, 1986, a "final decision" under the Contract Disputes Act, 41 U.S.C. § 601, *et seq.*, finding that a part of the leased space was untenable and, accordingly, partially termi-nating the lease for default by a total of 13,911 square feet, leaving 71,534 square feet still under lease. The contracting officer's final decision contained the requisite language that it was final unless appealed within 90 days to the General Services Administration Board of Contract Appeals, or within one year to this court. However, there was no reference of costs or any other action under the termination. The decision informed plaintiff that the Corps would continue to occupy the building until "acceptable space is located and an occupancy date established", on which date, the termination for default would become effective. The record indicates that the Corps continued to occupy the full 85,445 square feet of space after issuance of the "final decision" and perhaps until this date.

### DISCUSSION

In its Complaint, plaintiff argued that the termination for default was improper in that the leased property was not untenable. Defendant moved to have the Complaint dismissed on the grounds that the court lacked jurisdiction to hear the case because plaintiff's action was in the nature of a request for declaratory judgment, and the law is clear that this court has no authority under the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.*, to render declaratory judgments. *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969). This court agrees and also notes that it has no such authority even under the Declaratory Judgment Act, 28 U.S.C. § 2201. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976).

Plaintiff filed suit on October 16, 1986 in order to preserve its right of appeal to this court. Plaintiff was concerned that if it did not appeal the termination for default within one year of the contracting officer's decision, it could be precluded forever from challenging the termination. *See Z.A.N. Co. v. United States*, 6 Cl.Ct. 298, 307 (1984) (holding that if a default terminated contractor did not timely appeal the termination, that termination would become final and not subject to judicial review by this or

any other court). This court respectfully declines to follow *Z.A.N.*, and related cases, and believes that the better law is that set forth in *Gunn-Williams v. United States,* 8 Cl.Ct. 531 (1985). In *Gunn-Williams,* defendant argued that plaintiff had not submitted a monetary claim, in writing, to the contracting officer nor received a final decision, as required by the Contract Disputes Act. Had the contracting officer unilaterally set its course by terminating the contract for default in a written final decision, 41 U.S.C. §§ 605(a), 609(a), and exercised one of its contractual remedies, a bona fide dispute would have arisen and plaintiff could have appealed that government claim to this court without first filing any claim with the contracting officer. This court is of the opinion, however, that a termination for default, without more, is not a claim. *Gunn-Williams v. United States,* 8 Cl.Ct. 531, 534 (1985). In *Gunn-Williams,* the court stated that:

> The Government in terminating a contract for default has merely administratively exercised one of its contractual rights. At this point, there is no dispute between the parties—the contractor can accept the default termination, and the Government can decide not to pursue its contractual remedies for default (*e.g.,* [such as] assessment of excess costs of reprocurement, assessment of liquidated damages, and recovery of earlier paid progress payments). A "claim," under the Contract Disputes Act, does not exist until there is a dispute between the parties. *See Keystone Coat & Apron Mfg. Corp. v. United States,* 150 Ct.Cl. 277 (1960). Once the Government contracting officer issues a final decision representing the Government's intention to pursue its contractual remedies for default, a Government claim exists that is ripe for appeal to this Court.

8 Cl.Ct. at 535.

■ Under this holding, and contrary to defendant's instructions in the final decision of the contracting officer, plaintiff may not invoke this court's direct access jurisdiction to challenge the validity of defendant's termination for default until it files its own monetary claim(s) with the contracting officer challenging the default or until the contracting officer asserts a claim against plaintiff stating its intention to pursue its contractual remedies. Seeking determination on a bald termination for default, which is all that is before us today, is insufficient to create a dispute. *See D. Moody & Co. v. United States,* 5 Cl.Ct. 70, 73 (1984).

■ The practical ramification of our holding today is that plaintiff's "appeal" to this court is premature. The proper course of action for a contractor whose case is dismissed without prejudice for lack of jurisdiction is to certify its claim (if necessary), submit the (certified) claim to the contracting officer, and await a final decision. If the contracting officer's final decision on plaintiff's claim is adverse, thereby creating a dispute, plaintiff may then appeal to either a board of contract appeals, 41 U.S.C. § 606, or to this court, 41 U.S.C. § 609. Plaintiff's motion to stay proceedings is intended to give it time to accomplish these acts and then to amend the Complaint to incorporate the anticipated dispute into the present action. However, if the court has no jurisdiction over the case at bar, it is without authority to issue an order to stay proceedings. *Prefab Products Inc. v. United States,* 9 Cl.Ct. 786, 790 (1986).

## CONCLUSION

Based upon the foregoing analysis, it is the opinion of this court that plaintiff's Complaint was prematurely filed. Defendant's motion to dismiss is granted though not on the grounds pled. Plaintiff's motion to stay the proceedings is denied. The Clerk of the court is directed to enter judgment dismissing the Complaint without prejudice.