**OVERALL ROOFING AND CONSTRUCTION INC.,**
Plaintiffs,

v.

**The UNITED STATES, Defendant.**

No. 500–89C.

United States Claims Court.

April 20, 1990.

John T. Murphy, Melbourne, Fla., for plaintiffs.

J. Andrew Jackson, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This contract case is before the court on defendant's motion to dismiss. Such a motion requires the court to consider whether, upon the facts as alleged by plaintiff, the complaint states a claim for which this court may provide relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Pope v. United States*, 15 Cl.Ct. 218, 222 (1988). At issue is whether this court has jurisdiction over a default termination dispute in the absence of a specific claim for monetary damages.

## FACTS

In September of 1987, plaintiff was awarded a contract by defendant for the repair of miscellaneous roofs at the Naval Air Station in Key West, Florida. A dispute arose as to the structural integrity of several of the roofs plaintiff constructed. Defendant demanded that plaintiff remove and reconstruct a certain number of the roofs in accordance with defendant's directions. Plaintiff refused to comply with defendant's demand and, instead, charged defendant with a breach of contract. As a result, the contract was terminated for default by final decision of the contracting officer on October 25, 1988. The contracting officer's final decision reserved for the government all rights and remedies provided by law or called for under the contract, including the right to assess any increased costs occasioned by completion of the defaulted contract. The final decision also contained the requisite language that it was final unless appealed within 90 days to the General Services Administration Board of Contract Appeals, or within one year to this court.

## DISCUSSION

In its Complaint, plaintiff argued that the termination for default was improper both because defendant had agreed to a workmanship standard during plaintiff's initial performance and because, due to subsequent unilateral changes in inspection standards and policies, defendant violated its duty to cooperate with the contractor in performance of the contract. Furthermore, plaintiff continued, defendant violated its duty to cooperate by 1) allowing plaintiff to continue work on other buildings while knowing that defendant would ultimately not accept plaintiff's effort, 2) directing plaintiff to do acts constituting economic waste, and 3) failing to pay legitimately due and owing progress payments to plaintiff. Defendant, in its motion to dismiss, asserted that the Claims Court lacked jurisdiction to hear plaintiff's claims because, in the absence of a specific claim for monetary relief, plaintiff's claims amounted to a request for declaratory judgment which the Claims Court has no authority to render under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1982).

This court agrees with defendant that the court has no jurisdiction at this time to hear plaintiff's claims. Plaintiff has not brought a specific claim for monetary relief in response to the contracting officer's termination for default and the established parameters of this courts jurisdiction ex-

tend only to claims for money damages against the United States. 28 U.S.C. § 1491 (1982); *see, e.g., United States v. King,* 395 U.S. 1, 3–5, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969); *Glidden Co. v. Zdanok,* 370 U.S. 530, 557, 82 S.Ct. 1459, 1476–77, 8 L.Ed.2d 671, *reh'g denied,* 371 U.S. 854, 83 S.Ct. 14, 9 L.Ed.2d 93 (1962); *Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1007, 178 Ct.Cl. 599 (Fed.Cir.1967); *Ralcon, Inc. v. United States,* 13 Cl.Ct. 294, 299–300 (1987); *Citizens Assocs., Ltd. v. United States,* 12 Cl.Ct. 599, 600–01 (1987); *Industrial Coatings, Inc. v. United States,* 11 Cl.Ct. 161, 162–64 (1986); *Alan J. Haynes Constr. Sys., Inc. v. United States,* 10 Cl.Ct. 526, 528 (1986); *Gunn–Williams v. United States,* 8 Cl.Ct. 531, 534–35 (1985). Moreover, it has long been established that a contractor may appeal to this court only those claims which constitute a "dispute" as defined by the Contract Disputes Act, 41 U.S.C. §§ 601–613 (1982). *Keystone Coat & Apron Mfg. Corp. v. United States,* 150 Ct.Cl. 277, 281–82 (1960). In this case, where the contracting officer has only given a termination for default, there is no contract "dispute" for purposes of the Act. *E.g., Gunn–Williams,* 8 Cl.Ct. at 534 (citations omitted).

> The Government in terminating a contract for default has merely administratively exercised one of its contractual rights. At this point, there is no dispute between the parties—the contractor can accept the default termination, and the Government can decide not to pursue its contractual remedies for default (*e.g.,* [such as] assessment of excess costs of reprocurement, assessment of liquidated damages, and recovery of earlier paid progress payments). A "claim," under the Contract Disputes Act, does not exist until there is a dispute between the parties. *See Keystone Coat & Apron Mfg. Corp. v. United States,* 150 Ct.Cl. 277 (1960). [It is only when] the Government contracting officer issues a final decision representing the Government's intention to pursue its contractual remedies for default [that] a [dispute] exists that is ripe for appeal to this Court.

*Gunn–Williams,* 8 Cl.Ct. at 535. Therefore, plaintiff may not invoke this court's direct access jurisdiction to challenge the validity of defendant's termination for default until plaintiff has filed its own monetary claim(s) with the contracting officer challenging the default or until the contracting officer has asserted its intention to pursue specific monetary contractual remedies against plaintiff. *See White Plains Iron Works, Inc. v. United States,* 229 Ct.Cl. 626, 629–30 (1981); *Austin,* 206 Ct.Cl. at 723; *Frawley v. United States,* 14 Cl.Ct. 766, 768 (1988); *Citizens Assocs.,* 12 Cl.Ct. at 601. Until the procedural prerequisites have been accomplished, plaintiff's claim would not be ripe for appeal to this court. 41 U.S.C. § 605; *see Austin,* 206 Ct.Cl. at 723; *Frawley,* 14 Cl.Ct. at 768; *Citizens Assocs.,* 12 Cl.Ct. at 601. Plaintiff's "appeal" to this court is therefore premature and must be dismissed. *E.g., Borough of Alpine v. United States,* 19 Cl.Ct. 802, 805 (Cl.Ct.1990).

The court is not persuaded by the recent Claims Court decisions cited by plaintiff which run contrary to our holding today. *Crippen & Graen Corp. v. United States,* 18 Cl.Ct. 237 (1989); *Moser Industrienmontage GmbH v. United States,* No. 254–88C, slip op. at 4 (Cl.Ct. April 24, 1989); *R.J. Crowley, Inc. v. United States,* Nos. 330–87C, 577–87C, 35–88C, slip op. at 5 (Cl.Ct. April 14, 1989); *City of El Centro v. United States,* 17 Cl.Ct. 794 (1989); *Russell Corp. v. United States,* 15 Cl.Ct. 760 (1988); *Claude E. Atkins Enters., Inc. v. United States,* 15 Cl.Ct. 644 (1988). The originator of this contrary line of authority was *Atkins. Atkins* determined that, based on the Federal Circuit's decision in *Malone v. United States,* 849 F.2d 1441, 1443–46 (Fed.Cir.1988) (holding that agency boards of contract appeals have jurisdiction to address default determination claims unaccompanied by a claim for specific monetary relief), the Claims Court jurisdiction also extended to a government contractor's default termination claim even when that

claim was not joined with a specific claim for monetary recovery. *Atkins*, 15 Cl.Ct. at 647. *Atkins* reasoned that because the jurisdiction of the agency boards and the Claims Court was co-extensive with respect to review of decisions of a contracting officer, and coupled with the 1982 amendment to the Tucker Act, the Claims Court's jurisdiction also extended to cover default termination claims not joined with specific monetary claims. *Id.* In so holding, however, *Atkins* disregarded a myriad of binding Court of Claims and Supreme Court decisions stating the contrary position. *See, e.g., King*, 395 U.S. at 3-5, 89 S.Ct. at 1502-03; *Glidden*, 370 U.S. at 557, 82 S.Ct. at 1476-77; *Austin*, 206 Ct.Cl. at 723; *Eastport S.S.*, 372 F.2d at 1007; *Ralcon*, 13 Cl.Ct. at 299-300; *Citizens Assocs*, 12 Cl.Ct. at 600-01; *Industrial Coatings*, 11 Cl.Ct. at 162-64; *Alan J. Haynes Constr.*, 10 Cl.Ct. at 528; *Gunn-Williams*, 8 Cl.Ct. at 534-35. *Atkins* attempted to distinguish this long line of precedent on the premise that these decisions were rendered prior to *Malone*. *Atkins*, 15 Cl.Ct. at 647 n. 4.

This court cannot give *Malone* such an expansive reading so as to completely invalidate the established precedent of the Court of Claims and the Supreme Court. *Malone* itself specifically stated: "[t]his court has not yet considered, nor does it now consider, the validity of the Claims Court precedent just noted." *Malone*, 849 F.2d at 1444. Accordingly, based on the Claims Court's unique jurisdictional statute at 28 U.S.C. § 1491 and binding case law, this court will not extend its jurisdiction beyond the specifically defined parameters which explicitly require a money claim against the United States. Claims which are merely "money-oriented" or "money cast" are not sufficient; this court's jurisdiction extends only "to actual, presently due money damages from the United States." *King*, 395 U.S. at 3, 89 S.Ct. at 1502. Accordingly, this court does not have jurisdiction over plaintiff's default termination dispute in the absence of a specific claim for monetary damages.

## CONCLUSION

Plaintiff's Complaint was prematurely filed. Defendant's motion to dismiss is therefore granted. The Clerk of the court is directed to enter judgment dismissing the Complaint without prejudice.

IT IS SO ORDERED.