**SCOTT AVIATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–430C.**

United States Claims Court.

Nov. 8, 1990.

James D. Bachman, Washington, D.C., for plaintiff.

Sharon Y. Eubanks, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

On July 24, 1990, this court issued an Order allowing defendant's motion to dismiss on the grounds that the court lacked jurisdiction to adjudicate the claim as being filed out of time. 20 Cl.Ct. 780. The court dismissed the complaint without prejudice. The facts are set forth in the July 24 Order, and will not be repeated here except as necessary.

## FACTS

On July 25, 1990, defendant filed a motion for reconsideration requesting that the court vacate the judgement and dismiss the case with prejudice. On August 23, 1990, defendant filed a second motion for leave to cite supplemental authority. That motion was allowed. In it defendant suggested that, inasmuch as the court lacked jurisdiction to hear the case, it would be inappropriate for the "court to reach the merits of the claim and dismiss 'with prejudice.' "[1]

---

**1.** RUSCC 59(b) provides that no response to a motion for reconsideration may be filed, but

On August 6, 1990, plaintiff filed its own motion for reconsideration asking the court to vacate its order of dismissal and direct the contracting officer to issue a final decision addressing plaintiff's claim for termination for the convenience of the government.

This case stems from plaintiff's contract with the Department of the Army executed on June 27, 1987, to produce military gear with a production run of two years, and an option to produce an additional quantity. On August 8, 1988, the Army unilaterally cancelled the second production year. Thereafter, because plaintiff failed to meet its delivery schedule on one item due in the first year of the contract, the Army, on May 5, 1989, informed plaintiff by telegram that the late item was terminated for default, effective that date.[2] Plaintiff received the telegram on May 8, 1989. By certified letter dated May 15, 1989, the contracting officer partially terminated the contract—for the one late item—as of the May 5, 1989 telegram. On May 19, 1989, plaintiff received the May 15 certified letter that "confirmed" the telegraphed termination notice. The May 15 letter contained the mandatory Federal Acquisition Regulations (FAR) language informing plaintiff of the reason for the termination for default, and plaintiff's appeal rights. The FAR requiring this language, which has the full force and effect of law, *Longview Crop Ins. Agency v. United States*, 20 Cl.Ct. 564, 571 (1990) (citations omitted), states that the period for appeal runs from the day the contractor receives the letter of termination. FAR appeal rights give a plaintiff ninety days to appeal the termination for default to the Armed Services Board of Contract Appeals (ASBCA), and one year to appeal to this court. The May 15 letter was somewhat unclear regarding the exact date on which the period for appeal began to run.[3]

Plaintiff did not appeal the termination for default to the ASBCA, but on May 16, 1990, did submit a claim to the contracting officer requesting reimbursement of costs expended in attempting to comply with the portion of the contract defendant had terminated for default. Plaintiff further challenged the validity of the default termination, requesting that it be converted into a termination for the convenience of the government.[4] Two days later, on May 18, 1990, plaintiff filed its action here seeking *de novo* consideration of the termination.

## DISCUSSION

■ The court was, and remains of the opinion that it cannot consider the May 5, 1989 telegram a proper notice of termination because it did not contain the language required by the Contract Disputes Act, 41 U.S.C. § 601, *et. seq.*, and FAR 52.249–8, fully advising plaintiff of its appeal rights. Plaintiff is correct in its argument on reconsideration that a final decision of the contracting officer which does not state the appeal rights is defective, and does not start the limitations period for appeal or review. *Pathman Constr. Co., Inc. v. United States*, 817 F.2d 1573, 1579

---

that the court cannot allow the motion without giving the opposing party an opportunity to be heard. Because the court felt that it might allow defendant's motion, it directed plaintiff to respond.

2. The substantive text of the telegram was: "1. You are hereby notified that pursuant to the default clause of the contract, the right of the contractor to proceed with the performance of [the item] is terminated effective immediately. Subject contract item is being terminated for failure to meet scheduled delivery date. With respect to this instant termination action, the government hereby reserves all rights and remedies under the contract and those provided by law. 2. A letter of confirmation setting forth a finding of facts, the contracting officer's deter-

mination, and the procedure applicable to your appeal rights is being prepared and will be forwarded in the near future."

3. Defendant's communications on this issue are inconsistent. Initially, the May 5 telegram stated, and the May 15 letter confirmed, that the termination was effective (and presumably the period ran) as of the date the telegram was sent. However, the May 15 letter concluded by stating that the time for filing in this court is "12 months from the date you received [the May 5, 1989 telegram]."

4. The contracting officer never issued a final decision addressing plaintiff's termination for convenience claim.

(Fed.Cir.1987). Neither would such a defective final decision start the clock running on the time for submitting to the contracting officer a termination for convenience claim. The effective date of the termination for default was May 19, 1989, the date plaintiff received the certified letter. *See Handel v. United States,* 16 Cl.Ct. 70, 72 (1988); 41 U.S.C. § 609(a)(3) (1982). Plaintiff timely filed suit on May 18, 1990, one day prior to the running of the statute of limitations. However, the matter does not end there. In its complaint, plaintiff characterized its claim as one for "conversion of a termination for default to a termination for convenience," for "termination for convenience costs," or, in the alternative, for an equal amount for expenses incurred notwithstanding the termination for default.

■ Plaintiff's claim for conversion of the default termination to a convenience termination cannot, at this time, be heard by the court because, in the absence of a proper claim for monetary relief, plaintiff's claim amounts to a request for declaratory judgment which the Claims Court has no authority to render under the Contract Disputes Act, 41 U.S.C. § 601, *et seq.* (1982). *Overall Roofing & Const., Inc. v. United States,* 20 Cl.Ct. 181, 182–83 (1990). Although plaintiff's claims ostensibly include one for monetary relief, the court agrees with defendant that plaintiff's costs claim under a convenience or default termination are premature and cannot be heard by the court. The Contract Disputes Act, 41 U.S.C. § 605, states that [a]ll claims by a contractor against the government relating to a contract shall be ... submitted to the contracting officer for a decision." The law requires that the contracting officer issue a final decision within sixty days, or a reasonably longer period of time if necessary, but that "[a]ny failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a [denial of] the claim and will authorize the commencement of the appeal or suit on the claim." The practical effect of the law is to give the contracting officer at least sixty days to consider and issue an appropriate final decision on the contractor's claim. Plaintiff gave the contracting officer but two. Therefore, plaintiff's request for costs is not before this court properly, and the remaining declaratory relief exceeds the established parameters of this court's jurisdiction which extend only to claims for money damages against the United States. 28 U.S.C. § 1491 (1982). *See, e.g., United States v. King,* 395 U.S. 1, 3–5, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969); *Glidden Co. v. Zdanok,* 370 U.S. 530, 557, 82 S.Ct. 1459, 1476, 8 L.Ed.2d 671, *reh'g denied,* 371 U.S. 854, 83 S.Ct. 14, 9 L.Ed.2d 93 (1962); *Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1007, 178 Ct.Cl. 599 (Fed.Cir.1967); *Ralcon, Inc. v. United States,* 13 Cl.Ct. 294, 299–300 (1987); *Citizens Assocs., Ltd. v. United States,* 12 Cl.Ct. 599, 600–01 (1987); *Industrial Coatings, Inc. v. United States,* 11 Cl.Ct. 161, 162–64 (1986); *Alan J. Haynes Constr. Sys., Inc. v. United States,* 10 Cl.Ct. 526, 528 (1986); *Gunn-Williams v. United States,* 8 Cl.Ct. 531, 534–35 (1985).

Moreover, long established doctrine holds that a contractor may appeal to this court only those claims which constitute a "dispute" as defined by the Contract Disputes Act, 41 U.S.C. §§ 601–613 (1982). *Keystone Coat & Apron Mfg. Corp. v. United States,* 150 Ct.Cl. 277, 281–82 (1960). In this case, where the contracting officer has given only a bare termination for default, there is no contract "dispute" for purposes of the Act because the government, in terminating a contract for default, merely has administratively exercised one of its contractual rights. *E.g., Gunn–Williams,* 8 Cl.Ct. at 534 (citations omitted). At this point, there is no dispute between the parties—the contractor can accept the default termination, and the government can decide not to pursue its contractual remedies for default (*e.g.,* assessment of excess costs of reprocurement, assessment of liquidated damages, and recovery of earlier paid progress payments). A "claim," under the Contract Disputes Act, does not exist until

there is a monetary dispute between the parties. *See Keystone Coat & Apron*, 150 Ct.Cl. at 281–82. "[Only when] the government contracting officer issues a final decision representing the government's intention to pursue its contractual remedies for default [does] a [dispute] exist that is ripe for appeal to this court." *Gunn–Williams*, 8 Cl.Ct. at 535.

Therefore, plaintiff may not invoke this court's direct access jurisdiction to challenge the validity of defendant's termination for default until the contracting officer either has denied plaintiff's properly filed monetary claim(s), or has asserted the government's intention to pursue specific monetary contractual remedies against plaintiff. *See White Plains Iron Works, Inc. v. United States*, 229 Cl.Ct. 626, 629–30 (1981); *Austin*, 206 Ct.Cl. at 723; *Frawley v. United States*, 14 Cl.Ct. 766, 768 (1988); *Citizens Assocs.*, 12 Cl.Ct. at 601. Until plaintiff meets these procedural prerequisites, its claim is not ripe for appeal to this court, 41 U.S.C. § 605; *Austin*, 206 Ct.Cl. at 723; *Frawley*, 14 Cl.Ct. at 768; *Citizens Assocs.*, 12 Cl.Ct. at 601, and must be dismissed. *E.g., Borough of Alpine v. United States*, 19 Cl.Ct. 802, 803 (1990). Defendant's legally required "boiler plate" language in its May 15, 1989 termination for default notice, stating that "[t]he Government hereby reserves all rights and remedies under the contract and those provided by law," is neither sufficient to express a monetary claim, nor even a sign of its intention to pursue specific monetary remedies available to it. *See Overall Roofing*, 20 Cl.Ct. at 183.

The court is not persuaded by the recent Claims Court decisions cited by plaintiff which run contrary to today's holding. *Crippen & Graen Corp. v. United States*, 18 Cl.Ct. 237 (1989); *Moser Industrienmontage GmbH v. United States*, No. 254–88C, slip op. at 4 (Cl.Ct. April 24, 1989); *R.J. Crowley, Inc. v. United States*, Nos. 330–87C, 577–87C, 35–88C, slip op. at 5 (Cl.Ct. April 14, 1989); *City of El Centro v. United States*, 17 Cl.Ct. 794 (1989); *Russell Corp. v. United States*, 15 Cl.Ct. 760 (1988); *Claude E. Atkins Enters., Inc. v. United States*, 15 Cl.Ct. 644 (1988). The originator of this contrary line of authority is *Atkins*, which based its opinion on the Federal Circuit's decision in *Malone v. United States*, 849 F.2d 1441, 1443–46 (Fed.Cir.1988) (holding that agency boards of contract appeals have jurisdiction to address default determination claims unaccompanied by a claim for specific monetary relief). *Atkins* reasoned that, because the jurisdiction of the agency boards and the Claims Court is co-extensive with respect to review of a contracting officers' decisions, coupled with the 1982 Tucker Act amendment, the Claims Court's jurisdiction also must extend to cover default termination claims not joined with specific monetary claims. *Id.*

In so holding, however, *Atkins* disregarded a myriad of binding Court of Claims and Supreme Court decisions stating the contrary position. *See, e.g., King*, 395 U.S. at 3–5, 89 S.Ct. at 1502–03; *Glidden*, 370 U.S. at 557, 82 S.Ct. at 1476; *Austin*, 206 Ct.Cl. at 723; *Eastport S.S.*, 372 F.2d at 1007; *Ralcon*, 13 Cl.Ct. at 299–300; *Citizens Assocs.*, 12 Cl.Ct. at 600–01; *Industrial Coatings*, 11 Cl.Ct. at 162–64; *Alan J. Haynes Constr.*, 10 Cl.Ct. at 528; *Gunn–Williams*, 8 Cl.Ct. at 534–35. *Atkins* attempted to distinguish this long line of precedent on the premise that these decisions were rendered prior to *Malone*. *Atkins*, 15 Cl.Ct. at 647 n. 4. This court cannot give *Malone* such an expansive reading so as to invalidate completely the established precedent of the Court of Claims and the Supreme Court. *Malone* itself specifically states: "[t]his court has not yet considered, nor does it now consider, the validity of the Claims Court precedent just noted." *Malone*, 849 F.2d at 1444.

Accordingly, based on the Claims Court's unique jurisdictional statute at 28 U.S.C. § 1491, and binding case law, this court will not extend its jurisdiction beyond the specifically defined parameters which explicitly require a money claim against the United States. Claims that are merely "money-oriented" or "money cast" are not sufficient; this court's jurisdiction extends only "to actual, presently due money dam-

ages from the United States." *King,* 395 U.S. at 3, 89 S.Ct. at 1502. For that reason, this court does not have jurisdiction over plaintiff's claim challenging the bare default termination.

Plaintiff gave the government but two days to respond to its convenience costs claim, and there is no evidence that a claim for the value of goods delivered to defendant in spite of the default termination ever was submitted to the contracting officer. The failure to give the contracting officer sixty days within which to consider the claim(s) and issue a final decision renders plaintiff's claim(s) here premature.

## CONCLUSION

A petition for reconsideration should be based upon manifest error of law or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the judge. *Weaver–Bailey Contractors, Inc. v. United States,* 20 Cl.Ct. 158 (1990) (citations omitted). However, in this instance, the court has decided to modify its July 24, 1990 Order which dismissed the complaint without prejudice for lack of jurisdiction. After further thought, the court has determined that plaintiff has no "claim" against the government as defined by the Contract Disputes Act, *supra.* The mere termination of the contract for default unaccompanied by an exercise of defendant's remedial rights is but a bare claim that cannot support an action for declaratory relief to convert the default termination into one for the convenience of the government. The court thinks it equally clear that it cannot hear plaintiff's monetary claims under either theory advanced because plaintiff has failed properly to follow administrative remedial procedures. Until the contracting officer has rendered a final decision on plaintiff's costs claim, or sufficient time has elapsed with no determination, plaintiff has no claim adjudicable by this court.

After thorough consideration of the above, the court believes that plaintiff's complaint should be dismissed with prejudice. Plaintiff may, at some future date, have a proper claim for adjudication by this court, but that is a matter for another day. Defendant's motion for reconsideration of July 25, 1990, is allowed. Defendant's second motion of August 23, 1990, is denied, as is plaintiff's motion for reconsideration of August 6, 1990. The July 24, 1990 Order dismissing the complaint without prejudice is vacated. The complaint is dismissed with prejudice. The Clerk of the court is directed to enter judgment accordingly.

IT IS SO ORDERED.