**GOVERNMENT SYSTEMS ADVISORS, INC. and CPT Corporation, Inc., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**Nos. 793–86C, 122–87C.**

United States Claims Court.

Dec. 19, 1990.

Michael E. Geltner, Washington, D.C., for plaintiffs.

Shalom Brilliant, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

ORDER ON RECONSIDERATION

MOODY, R. TIDWELL, III, Judge:

On August 28, 1990, 21 Cl.Ct. 400, this court issued an Order allowing defendant's cross-motion for partial summary judgment on liability encompassing four claims presented to the court, the determination of which was to provide guidance to the parties in settling other similar claims. On September 6, 1990, plaintiffs filed a motion for rehearing and reconsideration under RUSCC 59(a)(1), on the grounds that certain factual findings were inconsistent with the record. RUSCC 59(b) provides that no response to a motion for reconsideration may be filed, but that the court cannot allow the motion without giving the opposing party an opportunity to be heard. Because the court felt that it might allow defendant's motion, it solicited defendant's comment. Defendant responded on November 2, 1990, stating, to wit: that "[w]hile we concur with plaintiffs that this case presents an extremely complex factual record, we believe that the factual findings in the [Order] are supported by the record," but that even if plaintiffs' arguments were found to have merit, the ruling nevertheless was correct. Defendant also suggested that some inconsistency existed in the court's legal analysis, and that a resolution of the inconsistency would compel reaffirmation of the August 28 Order.

■ RUSCC 59 states in relevant part that: "[R]econsideration may be granted to all or any of the parties and on all or part of the issues for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RUSCC 59(a)(1). However, a motion for reconsideration must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court. *Scott Aviation v. United States,* 21 Cl.Ct. 782 (1990); *Weaver–Bailey Contractors, Inc. v. United States,* 20 Cl.Ct. 158 (1990).

■ Summary judgement is appropriate only when there are no material issues

of fact so that the moving party is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed.Cir.1987); *Hendricks v. United States*, 10 Cl.Ct. 703, 706 (1986). After consideration of the comments of the parties, the court is convinced that they have identified, at the least, several genuine issues of material fact that cannot be resolved by reference to the briefing, to date. Of special interest to the court is the manner in which the government administers it's LTOP contracts. For instance, are renewed delivery orders made against the initial base LTOP contract, or against each subsequent fiscal year LTOP? If the latter, do changes in the terms and conditions of the later LTOP contracts affect the renewed delivery orders? If the former, how are funds from subsequent fiscal year appropriations obligated on delivery orders made against prior fiscal year base LTOP contracts? These are not the only genuine issues of material fact the parties have identified which need to be addressed at trial, but they exemplify the concerns of the court.

Accordingly, by January 14, 1991 the parties shall provide the court with a proposed discovery schedule, and suggested trial dates. The court assumes that discovery will not be protracted, and that trial will commence no later than April of 1991. The parties shall follow Appendix G to the Rules of the U.S. Claims Court. In stipulating facts, the parties should consider those findings in the Order of August 28, 1990, with which there was no disagreement. Upon receipt of the proposed discovery schedule, the court will place a conference call with the parties to discuss further aspects of the case.

Plaintiff's motion for Reconsideration is ALLOWED and its Motion for Rehearing is DENIED. The Order of August 28, 1990 is hereby VACATED. The Clerk shall take appropriate action.

IT IS SO ORDERED.