**PAGE CONSTRUCTION CO., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 91–1586C.

United States Claims Court.

May 7, 1992.

Robert D. Carrow, San Rafael, Cal., for Page Const.

S. Lane Tucker, Commercial Litigation Branch, Civil Div., Dept. of Justice, Classification Unit; Washington, D.C., for U.S.

ORDER

HARKINS, Senior Judge.

This action is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to RUSCC 12(b)(1).

On September 29, 1989, Page Construction Company (Page) was awarded Contract No. 50–3K15–9–6011 (the Contract) by the United States Department of Agriculture, Agricultural Research Agency. The Contract called for construction of a headhouse and greenhouse facility for the Department of Agriculture in Albany, California.

In a final decision dated November 2, 1990, the contracting officer terminated the Contract for default. The November 2, 1990, decision did not assess any monetary damages against Page under the default clause or assert any other government claim for monetary damages.

The complaint, filed November 13, 1991, invokes the court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (1988) and the Contract Disputes Act (CDA), 41 U.S.C. §§ 601; 609 (1988), and seeks to have the default termination converted to a termination for convenience, with recovery as provided by law for a convenience-termination, plus interest and costs.

Defendant's motion to dismiss for lack of subject matter jurisdiction is based upon the failure of Page to seek a decision from the contracting officer on a termination for convenience claim and the lack of a specific monetary claim in the complaint. Plaintiff relies upon a series of Claims Court decisions that held that the Claims Court had jurisdiction to entertain an action challenging a default termination not accompanied by a monetary claim. The series included *Moser Industrienmontage GmbH v. United States*, No. 254–88C (unpublished order, Apr. 24, 1989).

The series of cases cited by plaintiff have been overruled. Differences in the Claims Court as to this jurisdictional issue have been resolved by the Federal Circuit. *Overall Roofing & Constr., Inc. v. United States,* 20 Cl.Ct. 181 (1990), *aff'd,* 929 F.2d 687 (Fed.Cir.1991). The trial court in *Overall Roofing* included *Moser* in the list of contrary decision that were not accepted. *See* 20 Cl.Ct. at 183. The Federal Circuit on appeal affirmed the factual analysis and decision of the trial court. *Moser* subsequently was dismissed without prejudice (unpublished order, Dec. 31, 1991, 1991 WL 325875).

 The complaint in this case seeks relief based upon an express contact with the Department of Agriculture. The complaint is not frivolous. Contracts made by government agencies traditionally have been within the general Tucker Act jurisdiction of the Court of Claims and this court. *See United States v. Mitchell,* 463 U.S. 206, 215, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983); *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002 (1967).

For purposes of dismissal on the pleadings under RUSCC 12(b)(1), the complaint states a claim within the subject matter jurisdiction of this court. 28 U.S.C. § 1491(a)(1); 41 U.S.C. § 609(a)(1); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Mindes v. Seaman,* 453 F.2d 197, 198 (5th Cir.1971); *Bray v. United States,* 785 F.2d 989, 992 (Fed.Cir.1986); *Merck & Co. v. United States,* 24 Cl.Ct. 73, 77–79 (1991). Accordingly, defendant's motion to dismiss on the pleadings for lack of subject matter jurisdiction must be denied.

■ Defendant's motion is considered as a motion under RUSCC 12(b)(4) (failure to state a claim upon which relief may be granted). Inasmuch as the motion papers are based exclusively on materials in the pleadings, disposition on the jurisdictional issue is appropriate.

■ The complaint contests only the propriety of the default termination. No claim was made for a specific amount of money owed for a convenience termination. Accordingly, the complaint does not state a claim upon which this court can give relief. *Overall Roofing & Constr.,* 929 F.2d 687.

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is ALLOWED. No decision is made or implied as to the validity of the termination for default made by the contracting officer. The Clerk is directed to dismiss the complaint. No costs.